**INQUIRY COMMISSION, Complainant**

v.

**Donna Kay McNEW, Respondent.**

**No. 2004–SC–0848–KB.**

Supreme Court of Kentucky.

Dec. 16, 2004.

### ORDER OF TEMPORARY SUSPENSION

The Inquiry Commission seeks to have Donna Kay McNew, a member of the Kentucky Bar Association, No. 82102, temporarily suspended from the practice of law pursuant to SCR 3.165(1)(a). Her last known address was 624 Madison Avenue, Covington, Kentucky.

The Commission reports that there is probable cause to believe that McNew has been misappropriating funds held for others to her own use, or has been otherwise improperly dealing with such funds.

### I.

On November 20, 2003, a check in the amount of $11,000.00 from the Cincinnati Equitable Insurance Company was rendered to a client and attorney McNew. The client's signature appears on the back of the check as an endorser, but he alleges that he never signed the check. The evidence indicates that the client's signature is a forgery and he never received any of the money. In addition, a release of all claims was signed on December 10, 2003, but the client never signed a release. The case in question in the Campbell Circuit Court was dismissed with prejudice because the matter had allegedly been settled. The client was unaware of such a dismissal and was under the impression that the case was still pending, awaiting depositions.

### II.

In another case, attorney McNew settled a client's personal injury claim without the knowledge, consent or authorization of that client. A general release was signed

by the attorney and the client's signature appears on the release. The client denies having signed the release. On November 18, 2001, a check was issued from Claims Management, Inc. in the amount of $10,000.00 to the client and attorney McNew. The client never received any of the money. On February 14, 2002, there was an agreed order of dismissal with prejudice indicating an agreement between the parties, but the client asserts that she was unaware of the settlement.

### III.

In another unrelated matter, attorney McNew prepared a will in August 2001, in which she was named as executrix. She also had the client sign a retainer for her to be employed as attorney for the estate. The sole heir of the estate received two checks from the attorney, one in the amount of $40,963.43. This check was purchased by money drawn from the IOLTA account of the attorney. A second check was from the estate account at Fifth Third Bank in the amount of $159,136.40 on which it was noted that it was for the "final disbursement of funds." This check was returned by the bank on May 17, 2004 for insufficient funds in the estate account.

In early May 2004, over a two or three day period, several envelopes addressed to the estate were delivered to the rented office space of the attorney. The landlord delivered the unopened envelope to the Campbell District Judge who opened the envelopes and made copies for the file and mailed the originals to the attorney. The envelopes had notices that four checks deposited to the estate checking account had been returned due to insufficient funds. Subsequently, the check mailed to the sole heir in the amount of $159,136.40 was also returned due to insufficient funds. The estate account was overdrawn in the amount of $23,863.73. All of these communications were turned over to the Campbell District Judge. Ultimately, a cashier's check from the Fifth Third Bank in the amount of $135,250.05, payable to the estate, was sent to the office of the attorney and again transmitted to the district court. Along with the check was a notice that the estate account had been closed by the bank on the advice of its legal department.

On July 2, 2004, attorney McNew was removed as executrix of the estate by the district court and ordered to turn over all funds and estate records to the court appointed administrator, Richard Bonenfant. The administrator determined that there were numerous certificates of deposit owned by the decedent which attorney McNew had cashed and never deposited in the estate. The proceeds of the sale from the decedent's home were never deposited in the estate account. The Inquiry Commission estimates that there was $120,000 which should have been part of the estate but which remains unaccounted for by the attorney.

Upon careful consideration of the record in this case, and the recommendation of the Inquiry Tribunal, Donna Kay McNew is temporarily suspended from the practice of law pursuant to SCR 3.165(1)(a).

It is therefore ORDERED that:

1) Donna Kay McNew is temporarily suspended from the practice of law in this Commonwealth effective this date and until superseded by subsequent order.

2) Disciplinary proceedings against McNew shall be initiated by the Inquiry Commission pursuant to SCR 3.160, unless already begun or unless McNew resigns under terms of disbarment.

3) Pursuant to SCR 3.165(5), McNew shall within twenty (20) days of the date of entry of this order notify all

clients in writing of her inability to continue to represent them and shall furnish copies of such letters of notice to the Director of the Kentucky Bar Association.

4) Pursuant to SCR 3.165(6), McNew shall immediately, to the extent reasonably possible, cancel and cease any advertising activities in which she is engaged.

All concur.

Entered: December 16, 2004.

/s/ Joseph E. Lambert
Chief Justice